UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
BRYAN ACKWOOD and DONAVIN BLANCHETTE,

                                         Plaintiffs,        COMPLAINT
                                                                   (Jury Trial Demanded)
     -against-

                                                                           21-CV-50

CITY OF NEW YORK, POLICE OFFICER TYLER
A. HOWE, Shield No. 14840, and POLICE OFFICERS
JOHN DOES and/or JANE ROES Nos. 1-10, Shield Nos.
Unknown,

                                         Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

       Plaintiffs Bryan Ackwood and Donavin Blanchette, by their attorney Scott A. Korenbaum, Esq., for their complaint, allege as follows:

## INTRODUCTION

       1.      Plaintiffs Bryan Ackwood and Donavin Blanchette bring this action, pursuant to 42 U.S.C. § 1983, to redress the deprivation of their federal constitutional rights.  More specifically, on January 25, 2020, at approximately 5:30 - 6:00 p.m., defendants, each of whom were members of the New York City Police Department, falsely arrested Mr. Ackwood and Mr. Blanchette.  Moreover, one or more of the defendants used unnecessary and excessive force during the course of Mr. Ackwood's arrest.

       2.      Subsequent to their arrests, defendant Howe subjected Mr. Ackwood to an unconstitutional strip search.  And Police Officer John Doe subjected to Mr. Blanchette to an unconstitutional strip search.

## JURISDICTION AND VENUE

       3.      Pursuant to 28 U.S.C. §§ 1331 and 1343, jurisdiction is proper as Mr. Ackwood's

and Mr. Blanchette's claims arise under federal law. Pursuant to 28 U.S.C. § 1367, jurisdiction is proper as to the claims of Mr. Ackwood arising under the common law of the State of New York.

4. Pursuant to 28 U.S.C. § 1391(b), venue is proper as a substantial part of the events or omissions giving rise to Mr. Ackwood's and Mr. Blanchette's claims occurred in Brooklyn.

## PARTIES

5. Plaintiffs are citizens of the United States. At all times relevant herein, Mr. Ackwood resided in the County of Kings. At all times relevant herein, Mr. Blanchette resided in the County of Queens.

6. Defendant Police Officer Tyler Howe was, at all times relevant herein, a member of the Police Department. Upon information and belief, at all times relevant herein, he was assigned to the 90th Precinct.

7. Upon information and belief, defendant Howe is still a member of the Police Department. At all times relevant herein, he was acting within the scope of his employment and under color of law.

8. Defendant police officers John Does and/or Jane Roes 1-10, shield nos. unknown, were, upon information and belief, members of the Police Department. Upon further information and belief, at all times relevant herein, they were assigned to the 90th Precinct.

9. At all times relevant herein, police officers John Does and/or Jane Roes 1-10 were acting within the scope of their employment and under color of law.

10. Defendant City of New York is a municipal corporation organized pursuant to the laws of the State of New York. It has all the powers vested in it by the laws of the State of New

York, the City of New York and the Charter of the City of New York. At all times relevant herein, it was the employer of the individually named defendants.

## ADMINISTRATIVE PREREQUISITES

11. On February 12, 2020, Mr. Ackwood filed a timely Notice of Claim with defendant City in the Office of the City Comptroller, in accordance with the General Municipal Law.

12. On May 21, 2020, Mr. Ackwood appeared for a hearing, pursuant to Section 50-h of the General Municipal Law.

13. On March 18, 2020, Mr. Blanchette filed a timely Notice of Claim with defendant City in the Office of the City Comptroller, in accordance with the General Municipal Law.

14. At least thirty days have elapsed since Mr. Ackwood and Mr. Blanchette filed their Notices of Claim and adjustment or payment thereof has been neglected or refused. This action is commenced within one year and 90 days from the date of the occurrences alleged herein, as required under Section 50-i of the General Municipal Law.

## FACTS UNDERLYING THE COMPLAINT

15. On January 25, 2020, at approximately 6:00 p.m., Mr. Ackwood and Mr. Blanchette were lawfully walking down the street in the area of Beaver Street and Flushing Avenue. They were heading to the store. They were accompanied by their friend, Kevin Monds.

16. As Mr. Ackwood and Blanchette were walking, an unmarked car drove up to them. The car stopped and a number of undercover officers, including, upon information and belief, defendant Howe, got out of the car and approached them.

17. One undercover officer, who is African-American but whose identity is presently

unknown, seized Mr. Blanchette and held him on a car. Without any justification, this officer searched Mr. Blanchette at the car.

18. The officer's search of Mr. Blanchette turned up nothing illegal. He then handcuffed Mr. Blanchette. When Mr. Blanchette asked why he was being arrested, the officer stated "I don't know. We'll find out at the station."

19. A second undercover officer, a heavyset white male, approached Mr. Ackwood. This officer immediately began searching him. Neither Mr. Ackwood nor Mr. Blanchette nor their friend had done anything that warranted their seizures.

20. The officer who was searching Mr. Ackwood then placed him up against a fence as he continued to search his person. The officer then began to punch Mr. Ackwood about his face; he then threw Mr. Ackwood to the ground and arrested him.

21. Mr. Ackwood did not use any force either before or during the officer's efforts to arrest him. Ultimately, he and Mr. Blanchette were placed in handcuffs and taken to the 90th precinct.

22. At the 90th precinct, Mr. Blanchette and Mr. Ackwood were separated and placed in holding cells. The officer who had punched Mr. Ackwood then took Mr. Blanchette out of the cell and subjected him to a strip search. He made Mr. Blanchette take off his clothes, bend down and cough multiple times. Mr. Blanchette did not possess any contraband.

23. The officer then handcuffed Mr. Blanchette and returned him to the holding cell. After approximately 2-3 hours, Mr. Blanchette was released from the precinct without any paperwork.

24. At the precinct, defendant Howe requested and received authorization from

Sergeant Delaney to conduct a strip search of Mr. Ackwood. No legal authority existed to conduct this strip search. When Mr. Ackwood protested, defendant Howe punched Mr. Ackwood in the head.

25. Mr. Ackwood sustained injuries as a result of the defendants' use of force. Ultimately, he was taken to Woodhull Medical Center, where he received treatment for injuries to his face and shoulder.

26. Following his release from Woodhull, Mr. Ackwood was returned to the 90th precinct. He was then taken to Brooklyn Central Booking.

27. The conditions at Central Booking were horrific. There was feces throughout the holding cells. The food was inedible. There was no place to sleep.

28. Mr. Ackwood was released from Central Booking before an arraignment because the Kings County District Attorney's Office declined to prosecute him. According to the assigned ADA, the officer(s) had subjected Mr. Ackwood to an unlawful search and seizure.

FIRST CLAIM FOR RELIEF
(42 U.S.C. § 1983–Unlawful Seizure/False Arrest)

29. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 28, as if fully set forth herein.

30. On January 25, 2020, one or more of the individual defendants seized and then searched Mr. Ackwood and Mr. Blanchette.

31. In effectuating these seizures and searches, the individual defendants had neither reasonable suspicion or probable cause.

32. Thereafter, one or more of the individual defendants arrested Mr. Ackwood and

Mr. Blanchette.

33. One or more of the individual defendants did not have probable cause to believe that Mr. Ackwood or Mr. Blanchette had committed any crime. Put simply, they did not engage in any conduct that warranted their arrests and detentions.

34. As a result of the individual defendants' conduct, plaintiffs were detained, and at all times they knew they were detained. Moreover, they did not consent to their confinement.

35. Because the individual defendants had neither reasonable suspicion nor probable cause to believe that Mr. Ackwood or Mr. Blanchette had committed a crime, their seizures, searches and subsequent arrests were unreasonable within the meaning of the Fourth and Fourteenth Amendments to the United States Constitution.

36. As a result of their arrests by the individual defendants, plaintiffs suffered psychological injuries.

### SECOND CLAIM FOR RELIEF
(42 U.S.C. § 1983–Excessive Force for Bryan Ackwood)

37. Plaintiff Bryan Ackwood repeats and realleges the allegations contained in paragraphs 1 through 36, as if fully set forth herein.

38. On January 25, 2020, one or more of the defendants were involved in the arrest of Mr. Ackwood.

39. In effectuating his arrest, one or more of the defendants used more force than was necessary.

40. Similarly, while inside the 90th precinct, defendant Howe used excessive force while effectuating the strip search of Mr. Ackwood.

41. As the behavior of Mr. Ackwood provided no justification for these defendants' conduct, the defendants' actions were unreasonable within the meaning of the Fourth and Fourteenth Amendments to the United States Constitution.

42. As a result of defendants' conduct, Mr. Ackwood suffered physical and psychological injury.

### THIRD CLAIM FOR RELIEF
(42 U.S.C. § 1983--Unlawful Strip Search)

43. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 42, as if fully set forth herein.

44. On January 25, 2020, Mr. Ackwood and Mr. Blanchette were subjected to an unconstitutional strip search inside the 90th precinct.

45. The defendants did not have probable cause to arrest either Mr. Ackwood or Mr. Blanchette.

46. As a result, the defendants' decision to subject them to strip searches were unreasonable within the meaning of the Fourth and Fourteenth Amendments to the United States Constitution.

47. As a result plaintiffs suffered psychological injuries.

### FOURTH CLAIM FOR RELIEF
(State Law–False Arrest)

48. Plaintiffs Bryan Ackwood and Donavin Blanchette repeat and reallege the allegations contained in paragraphs 1 through 47, as if fully set forth herein.

49. On January 25, 2020, one or more of the individual defendants seized, searched and then arrested Mr. Ackwood and Mr. Blanchette.

50. These defendants had neither reasonable suspicion nor probable cause to believe that Bryan Ackwood or Donavin Blanchette had committed any crime. Put simply, Mr. Ackwood and Mr. Blanchette did not engage in any conduct that warranted their arrests and detentions.

51. As a result of these defendants' conduct, Bryan Ackwood and Donavin were detained, and at all times knew they were detained. Moreover, they did not consent to their confinement.

52. Because these defendants did not have reasonable suspicion to seize and search Bryan Ackwood or Donavin Blanchette, never mind probable cause to believe they had committed a crime, no legal justification existed for the defendants' conduct.

53. The individual defendants were agents of defendant City and were at all relevant times acting within the scope of their employment.

54. As a result of their seizures and subsequent arrests by the individual defendants, Mr. Ackwood and Mr. Blanchette suffered psychological and physical injuries.

55. As the employer of the individual defendants, defendant City is responsible for plaintiffs' injuries under the doctrine of *respondeat superior*.

FIFTH CLAIM FOR RELIEF
(State Law--Battery)

56. Plaintiffs Bryan Ackwood and Donavin Blanchette repeat and reallege the allegations contained in paragraphs 1 through 55, as if fully set forth herein.

57. Because probable cause was lacking for Mr. Ackwood's and Mr. Blanchette's arrests on January 25, 2020, their seizures and, regarding Mr. Ackwood, t subsequent use of

force, including the strip search of them, were unjustified.

58. Also, one or more of the individual defendants intentionally and without legal justification struck Mr. Ackwood in a harmful and offensive manner both during his arrest and inside of the 90th precinct.

59. Neither Mr. Ackwood nor Mr. Blanchette consented or authorized defendants to touch them this way.

60. The individual defendants were agents of defendant City and were at all relevant times acting within the scope of their employment.

61. As a result of the individual defendants' conduct, Mr. Ackwood and Mr. Blanchette suffered physical and psychological injury.

62. As the employer of the individual defendants, defendant City is responsible for the injuries Mr. Ackwood and Mr. Blanchette suffered pursuant to the doctrine of *respondeat superior*.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Bryan Ackwood and Donavin Blanchette pray for the following relief:

    (a)    compensatory damages in an amount to be determined at trial;

    (b)    punitive damages in an amount to be determined at trial;

    (c)    reasonable attorneys' fees;

    (d)    costs and expenses; and

    (e)    such other and further relief as is just and proper.

Dated: New York, New York
       January 5, 2021

                      SCOTT A. KORENBAUM, ESQ.
                      Attorney for Plaintiffs
                      11 Park Place, Suite 914
                      New York, New York 10007
                      (212) 587-0018

                      By: *Scott A. Korenbaum*
                            Scott A. Korenbaum